Curia, per

Evans, J.
There can be no doubt that, according to our practice, a variance between the writ and the declaration is fatal on special demurrer. The decided cases, Young vs. Grey, (1 M’C. R. 211,) and Sargeant vs. Hayne, (2 Hill R. 585,) are cases of variance in the cause of action, and not in the parties to the suit, but this I do not consider can make any difference. .
.1 think it equally clear that, where the cause of action is several, as well as joint, the plaintiff may at any time discontinue as to all the defendants except one, and declare and take judgment against him on his several promise, or obligation. This however, does not authorize him to discontinue otherwise than according to the practice of the court; and I think all the authorities are, that it can only be done by leave of the court. (2 Sellon 334; 3 Tidd. 159.) In this case the plaintiff undertook to discontinue by a mere indorse *186 ment on his writ. This was no legal discontinuance, and there was consequently a variance between the writ and the declaration. It is no answer to this to say, the motion is usually granted of course ; so also are many others, such as leave to file declarations and to plead double. The motion to re? verse the decision of the court is granted.
Qregg for the motion; Black, contra.
Gantt, Richardson and Earle, JJ. concurred.,